SONG KOU JIANG, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

Nos. 07–5000–ag (L), 08–2085–ag (Con).

United States Court of Appeals,
Second Circuit.

Aug. 31, 2010.

Gang Zhou, New York, New York, for
Petitioner.

Gregory G. Katsas, Assistant Attorney
General; John C. Cunningham, Senior Lit-
igation Counsel; Briena L. Strippoli, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief
Judge, JON O. NEWMAN, PIERRE N.
LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Kou Jiang, a native and
citizen of the People's Republic of China,
seeks review of: (1) an October 11, 2007
order of the BIA denying his motion to
reopen, *In re Song Kou Jiang*, No. A076
280 366 (B.I.A. Oct. 11, 2007); and (2) an
April 18, 2008 order of the BIA denying
his motion to reconsider and reopen, *In re
Song Kou Jiang*, No. A076 280 366 (B.I.A.
Apr. 18, 2008). We assume the parties'
familiarity with the underlying facts and
procedural history in this case.

We review the BIA's denial of a motion
to reopen or reconsider for abuse of dis-
cretion. *See Kaur v. BIA*, 413 F.3d 232,
233 (2d Cir.2005) (per curiam); *Jin Ming
Liu v. Gonzales*, 439 F.3d 109, 111 (2d
Cir.2006). When the BIA considers rele-
vant evidence of country conditions in
evaluating a motion, we review the BIA's
factual findings under the substantial evi-
dence standard. *See Jian Hui Shao v.
Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Jiang's
untimely motions to reopen or his motion
to reconsider. *See* 8 U.S.C.
§ 1229a(c)(7)(C); *see also* 8 C.F.R.
§ 1003.2(c)(2). We have previously re-
viewed the BIA's consideration of evidence
similar to that which Jiang submitted and
have found no error in its conclusion that
such evidence is insufficient to establish
either material changed country conditions
excusing the untimely filing of a motion to
reopen or a reasonable possibility of perse-
cution. *See Jian Hui Shao*, 546 F.3d at
169–72; *see also Wei Guang Wang v. BIA*,
437 F.3d 270, 275 (2d Cir.2006). To the
extent Jiang requests that we take judicial
notice of documents outside the adminis-
trative record, that request is denied. *See
Xiao Xing Ni v. Gonzales*, 494 F.3d 260,
269–70 (2d Cir.2007).

For the foregoing reasons, the petitions
for review are DENIED. As we have
completed our review, any stay of removal

that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).